IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| EMMETT RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 5:20-cv-71-oc-30PRL |
| ) | |
| AT&T CORP., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, EMMETT RHODES, ("PLAINTIFF"), and files this Complaint against Defendant, AT&T CORP., ("DEFENDANT") respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and the Family and Medical Leave Act.

2. At all relevant times, PLAINTIFF, who is a white male, was a citizen and resident of Marion County, Florida.

3. At all material times, DEFENDANT was a New York corporation that operated a call center in Ocala, Florida which is where PLAINTIFF was employed at all relevant times.

## BACKGROUND

4. In May 1996, DEFENDANT hired PLAINTIFF to work as a wireless retail consultant. Eventually, PLAINTIFF was promoted to a Level 2 position, namely area sales manager and PLAINTIFF held that position at the time of his separation in May 2019.

5. At all relevant times, PLAINTIFF was qualified to perform the jobs he held while employed by DEFENDANT.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 42 U.S.C. §§ 12101, *et seq.*

8. In or around November 2017, Catina James-Garrett became PLAINTIFF'S immediate supervisor. Ms. Garrett is a black female.

9. The interactions between PLAINTIFF and Ms. Garrett were generally good in the beginning. This changed in February 2018, after an incident when Ms. Garrett offered PLAINTIFF $50 to dance for her, which PLAINTIFF declined. Things got much worse in June 2018, which is when PLAINTIFF took FMLA leave to deal with his serious health issues of anxiety and depression.

10. PLAINTIFF remained out on FMLA leave until on or about July 5, 2018. Immediately upon returning from FMLA leave, Ms. Garrett placed PLAINTIFF on a performance plan and his team was removed from him until he completed the performance plan on or about July 20, 2018. Ms. Garrett also threatened to place PLAINTIFF on a corrective action plan if he took his scheduled vacation at the end of July 2018.

11. PLAINTIFF took his vacation, and Ms. Garrett placed PLAINTIFF on another

corrective action plan in August 2018, which PLAINTIFF successfully completed in November 2018. During this time and continuing until his eventual termination, Ms. Garrett failed and/or refused to provide PLAINTIFF with the support he needed to perform his job optimally. At the same time, Ms. Garrett showed preferential treatment to PLAINTIFF'S non-white area sales manager peers. This included providing them with proper support, praising them at team meetings, while chastising PLAINTIFF, constantly threatening PLAINTIFF with corrective action plans and suggesting he quit and removing four of PLAINTIFF'S managers from his team who were black.

12. On or about March 13, 2019, PLAINTIFF was in a management meeting when Ms. Garrett made what were in good faith perceived by PLAINTIFF to be racist comments regarding the importance of affirmative action and how the college admission scandals were just trying to keep out "the Blacks and Browns."

13. PLAINTIFF objected to Ms. Garrett's comments and stated that he thought the issue was more of a financial/entitlement problem rather than a race issue.

14. The following day, PLAINTIFF was placed on a performance improvement plan.

15. The same day, PLAINTIFF complained to DEFENDANT'S Human Resources Department about the comments Ms. Garrett made and the unfair treatment he had been receiving from her.

16. Several days later, DEFENDANT'S Human Resources Department e-mailed PLAINTIFF regarding voluntary separation and copied Ms. Garrett and David Banks who was Ms. Garrett's immediate supervisor on the e-mail.

17. Both Ms. Garrett and Mr. Banks asked PLAINTIFF if he had considered voluntary separation with a severance package and PLAINTIFF responded that he intended to

pass the performance improvement plan.

18. DEFENDANT terminated PLAINTIFF on or about May 31, 2019.

## COUNT I
## TITLE VII- RETALIATION

19. Paragraphs 1 through 18 are hereby incorporated by reference as though fully set forth herein.

20. PLAINTIFF engaged in protected activity when he reported to Human Resources what he in good faith believed to be discriminatory practices on the part of his supervisor.

21. Because PLAINTIFF engaged in protected activity, he was terminated by DEFENDANT or the complaint to Human Resources was at least a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FMLA RETALIATION

22. Paragraphs 2 through 17 are hereby incorporated by reference as though fully set forth herein.

23. PLAINTIFF engaged in protected activity by taking FMLA leave for his depression and anxiety.

24. DEFENDANT subjected PLAINTIFF to an adverse employment action, namely

4

placing him on an action plan as soon as he returned from FMLA leave and then continually threatening PLAINTIFF and berating him until eventually placing him on a performance improvement plan and terminating him before he could complete that plan.

25. Upon information and belief, the reason for the adverse employment actions taken against PLAINTIFF was that he took FMLA leave or at the very least, PLAINTIFF taking leave was one of the reasons for the adverse employment actions.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Family and Medical Leave Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT

26. Paragraphs 2 through 18 are incorporated by reference.

27. PLAINTIFF was a member of a protected group and at all times he was qualified for the positions he held while working for DEFENDANT.

28. DEFENDANT took adverse employment actions against and ultimately terminated PLAINTIFF because of his race or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate him.

29. PLAINTIFF'S non-white peers were treated more favorably than PLAINTIFF in that they were provided with support they needed to perform their jobs while PLAINTIFF was not and they were not terminated by DEFENDANT.

5

30. As a result of losing his job, PLAINTIFF has suffered embarrassment, humiliation, mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, attorney fees and costs of litigation, punitive damages, damages for emotional distress, embarrassment and humiliation, and other relief by reason of DEFENDANT terminating him; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT IV
## FCRA- RETALIATION

31. Paragraphs 1 through 18 are hereby incorporated by reference as though fully set forth herein.

32. PLAINTIFF engaged in protected activity when he reported to Human Resources what he in good faith believed to be discriminatory practices on the part of his supervisor.

33. Because PLAINTIFF engaged in protected activity, he was terminated by DEFENDANT or the complaint to Human Resources was at least a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Florida Civil Rights Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT V
## TITLE VII- DISCRIMINATION

34. Paragraphs 2 through 18 are incorporated by reference.

35. PLAINTIFF was a member of a protected group and he was at all times qualified for the positions he held while working for DEFENDANT.

36. DEFENDANT took adverse employment actions against and ultimately terminated PLAINTIFF because of his race or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate him.

37. PLAINTIFF'S non-white peers were treated more favorably than PLAINTIFF in that they were provided with support they needed to perform their jobs while PLAINTIFF was not and they were not terminated by DEFENDANT.

38. As a result of losing his job, PLAINTIFF has suffered embarrassment, humiliation, mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, attorney fees and costs of litigation, punitive damages, damages for emotional distress, embarrassment and humiliation, and other relief by reason of DEFENDANT wrongfully terminating him; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: February 17, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF